UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PERRIGO COMPANY,                    )<br>                                                          )<br>            Plaintiff,                          )<br>                                                          )     Case No.<br>     v.                                                )<br>                                                          )<br>ALLEN LUND COMPANY, LLC, and  )<br>D & G TRUCKING COMPANY, INC.,  )<br>                                                          )<br>            Defendants.                      )   | |

# COMPLAINT

NOW COMES Plaintiff, Perrigo Company ("Perrigo"), by its attorneys, Timothy S. McGovern and Zachary J. Barger of Zeiler Floyd Zadkovich (US) LLP, and complains of defendants as follows:

1.  This is an action for damage to shipments of pharmaceutical products owned by Perrigo Company (the "Cargo") being transported in interstate commerce by defendants.

2.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337, as overland carriage of the Cargo within the United States is governed by the Carmack Amendment, 49 U.S.C. § 14706, and the matter in controversy exceeds $10,000.00, exclusive of interest and costs. This Court has supplemental jurisdiction over common law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district both because defendants shipped the cargo from Allegan, Michigan, and Allen Lund Company LLC maintains an office and a place of business within the jurisdiction of this court.

4.  Perrigo was the owner and shipper of the Cargo.

5. Defendant Allen Lund Company, LLC is a California limited liability company with an office located in Spring Lake, Michigan, and within the jurisdiction of this Court ("Allen Lund"). Allen Lund is engaged in the interstate transportation of goods for hire.

6. Defendant D & G Trucking Company, Inc. is a Tennessee motor carrier with U.S. Department of Transportation No. 1172495 ("D&G"). D&G is engaged in the interstate transportation of goods for hire.

## COUNT I
## Carmack Amendment

7. Plaintiff repeats and realleges the allegations of paragraphs 1 through 6 of its complaint as if fully restated herein.

8. On or about May 10, 2019, defendants received the Cargo in Allegan, Michigan, for over-the-road carriage to Hopkinsville, KY. *Exhibit 1*.

9. At the time defendants received the Cargo it was in good order and condition.

10. On or about May 12, 2019, defendants learned that D&G's trailer that had been carrying the cargo had its seals removed, had been broken into, and that multiple boxes had been opened.

11. As a result of the break-in, the Cargo was stolen, damaged, impaired in value, or otherwise had to be destroyed by law.

12. By reason of the premises, defendants breached their duties and obligations as carrier and bailee of the Cargo, in one or more of the following ways:

    (a) Failing to deliver the Cargo in the same good order and condition as received;

    (b) Failing to protect the Cargo from damage;

    (c) Failing to take necessary measures to avoid the damage to the Cargo; and

  (d)  Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

13. Plaintiff has duly performed all duties and obligations on its part to be performed.

14. Plaintiff brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said Cargo, as the respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

15. By reason of the premises, Plaintiff has sustained damages, as nearly as can be estimated, no part of which has been paid, in the amount of $222,136.66, plus interest, costs and expenses.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against defendants in the amount of $222,136.66, plus interest, costs, and expenses, and for such other relief as this Court deems just.

## COUNT II
### Bailment

16. Plaintiff repeats and realleges the allegations of paragraphs 1 through 6 of its complaint as if fully restated herein.

17. On or about May 10, 2019, defendants received the Cargo in Allegan, Michigan, for over-the-road carriage to Hopkinsville, KY. *Exhibit 1*.

18. At the time defendants received the cargo it was in good order and condition.

19. On or about May 12, 2019, defendants learned that D&G's trailer that had been carrying the cargo had its seals removed, had been broken into, and that multiple boxes had been opened.

20. As a result of the break-in, the Cargo was stolen, damaged, impaired in value, or otherwise had to be destroyed by law.

21. By reason of the premises, defendants breached their duties and obligations as bailee of the Cargo, in one or more of the following ways:

    (a) Failing to deliver the Cargo in the same good order and condition as received;

    (b) Failing to protect the Cargo from damage;

    (c) Failing to take necessary measures to avoid the damage to the Cargo; and

    (d) Otherwise failing to perform with respect to the Cargo, as required by the agreements between the parties.

22. Plaintiff has duly performed all duties and obligations on its part to be performed.

23. Plaintiff brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said Cargo, as the respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

24. By reason of the premises, Plaintiff has sustained damages, as nearly as can be estimated, no part of which has been paid, in the amount of $222,136.66, plus interest, costs, and expenses.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against defendants in the amount of $222,136.66, plus interest, costs, and expenses, and for such other relief as this Court deems just.

## COUNT III
### Breach of Contract – Allen Lund

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 6 of its complaint as if fully restated herein.

26. On or about September 21, 2015, Plaintiff and Allen Lund entered into a MASTER BROKER/SHIPPER AGREEMENT (the "Agreement") whereby Allen Lund agreed to "act as an

independent contractor for arranging the transportation of [Plaintiff's] Products." A copy of the Agreement is attached hereto as *Exhibit 2*.

27. Pursuant to the Agreement, Allen Lund was obligated, *inter alia*, to locate and hire carriers capable of handling the Cargo.

28. Pursuant to the terms of the Agreement, Allen Lund agreed to provide insurance for Plaintiff to cover damage to the Cargo. *Exhibit 2 at ¶5(b)*.

29. Pursuant to the terms of the Agreement, Allen Lund agreed to make arrangements with the carrier so that said carrier would "assume liability for the full value of any loss, damage or injury to property…." *Exhibit 2 at ¶7(A)(1)*.

30. Pursuant to the terms of the Agreement, Allen Lund was obligated to locate and hire Carriers with "safe and adequate freight handling facilities" and with "all trailers supplied by Carrier, the interiors of which will be clean, odor free, dry, leak proof and free of contamination." *Exhibit 2 at ¶7(B)(1)*.

31. Pursuant to the terms of the Agreement, Allen Lund agreed to "protect, defend, hold harmless and indemnify [Plaintiff]" from "[a]ny losses, claims or liabilities from or in connection with any breach by [Allen Lund] of its representations, warranties, covenants or obligations under this Agreement." *Exhibit 2 at ¶16(A)*.

32. The Cargo was stolen or damaged while in defendants' care, custody, and control. *Exhibit 1*.

33. Following the theft and damage to the Cargo, Allen Lund breached its obligations identified in paragraphs 27-31 above by refusing to pay Plaintiff's losses that resulted from the damaged Cargo.

34.     As a direct and proximate cause of Allen Lund's breach of the Agreement, Plaintiff sustained damages, as nearly as can be estimated, no part of which have been paid, in the amount of $222,136.66, plus attorney fees, interest, costs, and expenses.

35.     Plaintiff performed all of its obligations under the Agreement.

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Allen Lund in the amount of $222,136.66, plus attorney fees, interest, costs, and expenses, and for such other relief as this Court deems just.

                              Respectfully submitted,

                              PERRIGO COMPANY, Plaintiff,

                                s/ Zachary J. Barger
                                   Its attorney

Timothy S. McGovern
Zachary J. Barger
**Zeiler Floyd Zadkovich (US) LLP**
500 West Madison – 10th Floor
Chicago, Illinois 60661
Tel.: (708) 320-0010
Email: tim.mcgovern@zeilerfloydzad.com
         zach.barger@zeilerfloydzad.com